**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

LEON BANILIVI RUGS, INC.,

                Plaintiff,

  -against-

TOKIO MARINE AMERICA INSURANCE
COMPANY and PETER WALDOR &
ASSOCIATES, LLC,

                Defendants.

------------------------------------- x

JAN 0 5 2022

OPINION AND ORDER

21 Civ. 324 (GBD)

GEORGE B. DANIELS, District Judge:

By letter dated October 8, 2021, Plaintiff requested leave to amend the complaint (ECF Nos. 7, 8) in this action and attached a copy of the proposed amended complaint ("PAC"). The PAC adds a fourth cause of action against Defendant Peter Waldor & Associates, LLC ("Waldor") for breach of fiduciary duty.

Under New York law, insurance brokers have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage. *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 420 F. Supp. 3d 123, 136 (S.D.N.Y. 2019) (citations omitted). Where a special relationship develops between the broker and client, however, the broker may be liable, even in the absence of a specific request, for failing to advise or direct the client to obtain additional coverage. *Id.* A special relationship may be established in one of three ways: "(1) the agent receives compensation for consultation apart from payment of the premiums, (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent, or (3) there is a course of dealing over an

extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on." *Id.* (quoting *Murphy v. Kuhn*, 90 N.Y.2d 266, 272 (1997)).

The allegations in the PAC, namely that Plaintiff contacted Defendant Waldor for an insurance policy to cover rugs held in warehouse and retail locations (PAC ¶15), are insufficient to allege a special relationship as required by *Murphy*. Plaintiff's request for leave to amend the complaint is DENIED as futile. *See Lucente v. International Business Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Dated: January 5, 2022
      New York, New York

SO ORDERED

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge